UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-21619-CIV-HUCK/SIMONTON

AMNESTY INTERNATIONAL, USA, a
New York non-profit corporation,

    Plaintiff,

vs.

LOUIS BATTLE, individually and THOMAS
CANNON, individually,

    Defendants.
_____/

**ORDER ON DEFENDANT THOMAS CANNON'S
MOTION TO DISMISS AMENDED COMPLAINT**

THIS MATTER is before the Court upon Defendant Thomas Cannon's Motion to Dismiss [D.E.# 26], filed October 30, 2006. The Court has considered the Motion, Plaintiff Amnesty International, U.S.A.'s Response thereto and Defendant Cannon's Reply in further support thereof. The Court is duly advised in the premises.

**BACKGROUND**[1]

This case arises from Free Trade Area of the Americas summit held in downtown Miami in November of 2003. The meeting of trade ministers and business leaders from thirty-four countries in the Western Hemisphere drew many protesters, including some organized by Plaintiff Amnesty International. The City of Miami Police Department formulated the security plan for the summit. It involved a multi-agency force representing forty different Federal, State, County, and municipal law enforcement agencies. The plan was to present an overwhelming show of force and discourage people from coming downtown to protest.

Amnesty International obtained a permit from the City of Miami Police Department to conduct a demonstration for human rights on November 20, 2003 from 10:00 a.m. until 2:00 p.m. The demonstration was to be held at the Torch of Friendship on the east sidewalk of Biscayne Boulevard, between Northeast 3rd and 4th Street.

---

[1]The facts set forth in this section are those alleged in the Amended Complaint.

Defendants Louis Battle and Thomas Cannon supervised police officers in downtown Miami on the day of Amnesty International's demonstration. Even though they were aware of Amnesty International's permit, Defendants Battle and Cannon "planned and agreed to destroy [it]." Am. Compl., ¶20. When Amnesty International attempted to start the demonstration, Defendants directed police officers they supervised to "destroy [the demonstration] and to permit no one to gather for [it]." Am. Compl., ¶22. Defendants ordered the officers to "form a cordon around the Torch of Friendship and to allow no one to enter." Further, Defendants ordered the officers to "prevent anyone inside the cordon from re-entering if they left." *Id.* In its Amended Complaint, pursuant to 42 U.S.C. §§ 1983 and 1988, Amnesty International alleges that Defendants Cannon and Battle "destroyed [its] demonstration and its First and Fourteenth Amendment rights."

Defendant Cannon has moved to dismiss the Amended Complaint because, according to him, Amnesty International has failed to allege a claim upon which relief may be granted. Defendant Cannon also argues that Amnesty International lacks standing to bring this action.

## **STANDARD OF REVIEW**

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff, and accept the plaintiff's well-pleaded facts as true. *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993). While Rule 8, Federal Rules of Civil Procedure, allows a plaintiff considerable leeway in framing his or her complaint, the Eleventh Circuit, along with others, has tightened application of Rule 8 in §1983 cases in an effort to weed out nonmeritorious claims. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)(citing *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485(11th Cir. 1992)). It requires a §1983 plaintiff to allege with some specificity the facts which make out his or her claim. Factual detail in the pleadings is especially necessary to the adjudication of §1983 claims in cases involving the affirmative defense of qualified immunity, where a court must determine whether a defendant's actions violated a clearly established right. *Id.* at 1367. With the foregoing standard in mind, the Court considers the Defendant Cannon's motion to dismiss.

## ANALYSIS

Defendant Cannon first argues that Amnesty International fails in its Amended Complaint to allege sufficient facts in support its claim that Defendants violated its constitutional rights. The Court agrees. As noted above, plaintiffs in §1983 actions against officials entitled to qualified immunity are held to a heightened pleading requirement in this Circuit. *Id*. at 1367. Such plaintiffs must allege the relevant facts "with some specificity." *Id*. "'[M]ore than a mere conclusory notice pleading is required . . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003)(quoting *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Here, the only *facts* Amnesty International alleges are that, at about the time its demonstration was to begin, Defendants ordered officers under their command to "form a cordon around the Torch of Friendship and . . . allow no one to enter" and to "prevent anyone inside the cordon from re-entering if they left." Am. Compl., ¶22. Even taken as true, these allegations do not establish a violation of Amnesty International's First Amendment right to speak or assemble. Although Amnesty International goes on to allege that "Defendants destroyed [the] demonstration and [Amnesty International's] First and Fourteenth Amendment rights", it provides absolutely no explanation of how Defendants' actions *caused* the destruction of the demonstration or why the demonstration was "destroy[ed]." Amnesty International does not allege that any person attempted to speak or assemble, but was prevented from doing so by Defendants' actions. Indeed, the allegations in the Amended Complaint reflect that some protesters were, in fact, *within* the police cordon and presumably assembled as planned. At most, the allegations in the Amended Complaint establish that police officers cordoned off an area around the Torch of Friendship and, in so doing, restricted the movement of some protestors. These allegations fail to satisfy the heightened pleading requirements applicable to §1983 plaintiffs in this Circuit. Accordingly, the Court grants Defendant Cannon's Motion to Dismiss without prejudice for Amnesty International to file a second amended complaint, if appropriate.

Defendant Cannon's argument that Amnesty International lacks standing to bring this §1983 action it is rendered moot by the ruling above. Nevertheless, if Amnesty International elects to file a second amended complaint, it is urged to consider Defendant Cannon's argument based on

*Anderson v. City of Alpharetta*, 770 F.2d 1575 (11th Cir. 1985), that civil rights organizations lack standing when they fail to show that the have suffered a distinct and palpable injury as a result of the defendants' actions.  Accordingly, it is

ORDERED that Defendant Cannon's Motion to Dismiss the Amended Complaint is GRANTED.  The Amended Complaint is DISMISSED WITHOUT PREJUDICE as to Defendant Cannon. Plaintiff may file a second amended complaint on or before January 26, 2007.

DONE and ORDERED in Chambers, Miami, Florida, January 16, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record